# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW HEFFRAN,<br>  **Plaintiff** | No. 3:13cv513 |
| v. | (Judge Munley) |
| STATE AUTO PROPERTY &<br>CASUALTY INSURANCE COMPANY,<br>  **Defendant** | |

## MEMORANDUM

Before the court for disposition are a motion to remand filed by the plaintiff and a motion to dismiss filed by the defendant. The matters have been fully briefed and are ripe for disposition.

**Background**

On July 26, 2007, plaintiff was involved in a motor vehicle accident. (Doc. 2, Notice of Removal Ex. A, Compl. (hereinafter "Compl.") at ¶ 6). The accident occurred when an intoxicated motorist crashed into the vehicle operated by plaintiff. (Id. ¶ 9). The accident left plaintiff with serious injuries and substantial damages. (Id. ¶ 12). Because of the accident, plaintiff had "major and seriously invasive lumbar spine surgery." (Id. ¶ 12(a)). Plaintiff sustained $226,000 in unpaid medical bills and suffered significant scarring, pain and suffering. (Id. ¶¶ 12(c), 12(f), 12(g)). At the time of the accident, plaintiff was thirty-two years of age, and his injury was so significant that he is disabled from work for the remainder of his life. (Id. ¶ 12(b)).

The underlying tortfeasor's insurance policy provided only $100,000

in liability coverage. (Id. ¶ 11). Plaintiff has an automobile insurance policy with Defendant State Auto Property & Casualty Company that provided underinsured motorist benefits, (hereinafter "UIM benefits"), which are available when plaintiff suffers injury as a result of an automobile accident and the tortfeasor's liability insurance coverage is insufficient cover all of the damages. (Id. ¶ 4).

Plaintiff made a claim for UIM benefits, but defendant denied the claim. (Id. ¶ 13). After regular contacts with plaintiff's attorney, defendant made an offer of benefits, but it was low. (Id. ¶ 14). The matter was set for an arbitration. Just days before the arbitration, however, the defendant offered plaintiff the UIM policy limits. (Id. ¶ 15).

Plaintiff subsequently instituted the instant action. First, he filed a "Praecipe for Writ of Summons" on March 26, 2008. (Doc. 3, Def.'s Ex. C). Then on January 24, 2013, he filed a complaint. (Doc. 2, Def.'s Ex. A). The complaint asserts a cause of action for insurance bad faith pursuant to the Pennsylvania Insurance Bad Faith Statute, 42 PA. CONS. STAT. ANN. § 8371 (hereinafter "section 8371").

The complaint contains six counts. Each count alleges behavior which plaintiff avers justifies the imposition of bad faith damages under section 8371. The counts allege as follows: Count I-defendant acted wrongfully in, *inter alia*, refusing to pay the insurance claim without conducting a reasonable investigation (Compl. ¶ 18); Count II-defendant

2

acted improperly by attempting to condition payment of the benefits on the plaintiff executing a release which included conditions which were not bargained for (Id. ¶¶ 23-26); Count III-defendant improperly attempted to require plaintiff to submit to a Statement Under Oath (Id. ¶¶ 28-32); Count IV-defendant improperly attempted to have plaintiff submit to a Vocation Expert Exam (Id. ¶¶ 34-38); Count V-defendant improperly relied upon a biased, prejudiced, unreasonable and baseless vocation report (Id. ¶¶ 40-43); Count VI-defendant committed bad faith by breaching the fiduciary duties it owed to plaintiff as an insured under a contract of insurance. (Id. ¶¶ 46-48).

Each count of the complaint seeks the damages set forth in section 8371 including: a) interest on the amount of the claim from the date the claim was made by plaintiff; b) punitive damages; and c) court costs and attorney fees.

Defendant filed a notice of removal to this court on February 22, 2013. (Doc. 1). Defendant avers that this court has jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332. (Id. ¶ 28). Plaintiff then filed a motion to remand this action. (Doc. 11). The two issues presented by plaintiff's motion are whether defendant has sufficiently established that the citizenship of the parties is diverse and whether the notice of removal was timely filed. Additionally, defendant filed a motion to dismiss Count VI of the complaint that alleges defendant committed bad

faith by breaching its alleged fiduciary duty toward plaintiff. The parties have briefed their respective positions and the matters are ripe for disposition. We will first address the motion for remand, and then if necessary, we will address the motion to dismiss.

**Discussion**

**I. Motion to remand**

Generally, a defendant can remove a state court civil action to a United States District Court if the federal court would have had original jurisdiction to address the matter. 28 U.S.C. § 1441. Once a case is removed, the federal court may remand it if the court determines that it lacks federal subject matter jurisdiction. 28 U.S.C. § 1447(c).[1] "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statue should be strictly construed and all doubts resolved in favor of remand." Brown v. Francis, 75 F.3d 860, 864-65 (3d Cir. 1996) (quoting Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985)). The burden of establishing jurisdiction in the removal situation rests with the defendant. Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).

In the notice of removal, the defendant indicates that this court has

---

[1]In pertinent part, 28 U.S.C. § 1447(c) provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

4

diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1, Notice of Removal ¶¶ 27-43). Pursuant to this statutory section, jurisdiction is proper in federal district court where the action involves citizens of different states and an amount in controversy, exclusive of interest and costs, in excess of $75,000.00. 28 U.S.C. § 1332(a).

Plaintiff moves to remand based on the following two grounds: 1) defendant has not established that the parties have diverse citizenship; and 2) the defendant's notice of removal is untimely. We will address each issues separately.

**A. Diversity of citizenship**

Defendant removed this case on the basis that the parties have diverse citizenship. The notice of removal states: "Although the Complaint does not assert Plaintiff's citizenship, upon information and belief, it is alleged that Plaintiff is a citizen of New Jersey." (Doc. 1, Notice of Removal, ¶ 3). It further avers: "State Auto Property & Casualty Insurance Company . . . is a corporation organized and existing under the laws of the state of Iowa with its principal place of business at 518 East Broad Street, Columbus, OH 43215." (Id. ¶ 4).

Plaintiff argues that defendant bears the burden of establishing every element of this court's jurisdiction, including the citizenship of the parties. The Notice of Removal does not offer any proof of plaintiff's citizenship, it merely states that "upon information and belief" plaintiff is a New Jersey

citizen.  As defendant presents no evidence of citizenship, the matter should be remanded, according to the plaintiff.  We disagree.

"The party asserting diversity jurisdiction bears the burden of proof. A party generally meets this burden by proving diversity of citizenship by a preponderance of the evidence."  McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006) (internal citations omitted).  Here, therefore, defendant bears the burden of establishing the plaintiff's citizenship.  "Citizenship is synonymous with domicile and the domicile of an individual is his true, fixed and permanent home and place of habitation."  Id. (citation and quotation marks omitted).

Defendant filed several exhibits in opposition to plaintiff's remand motion.  Included is a report from plaintiff's own vocational expert, William Walker.  The report states that plaintiff resides in Tom's River, New Jersey and maintains a New Jersey driver's license.  (Doc. 15-6, Def. Ex. F at CL 1284).  Defendant also submitted to the court various medical records listing plaintiff's address as Tom's River, New Jersey and evidence that plaintiff is registered to vote in New Jersey.  (Doc. 15-7, Def. Ex. G at CL 947-1039, Doc. 15-8, Def. Ex. H).

We find that defendant's un-rebutted exhibits are sufficient to establish that plaintiff is domiciled in New Jersey.  Because his is domiciled in New Jersey, he is a citizen of New Jersey for purposes of diversity jurisdiction.  Plaintiff has submitted no evidence to the contrary and has

actually made no claim that the plaintiff is *not* a citizen of New Jersey.[2]  It is uncontested that defendant is a citizen of Iowa and Ohio, thus the parties have diverse citizenship.

**B.  Timeliness of notice of removal**

The second issue plaintiff raises concerns the timeliness of the defendant's notice of removal.  Plaintiff argues that defendant could not remove this case more than one year after the action was commenced.  Plaintiff commenced this action by filing a "summons" in the Pike County Court of Common Pleas on March 26, 2008.  Defendant did not file the notice of removal until February 22, 2013, nearly five years from the commencement of the action.  Thus, the notice of removal is untimely, and

---

[2] Plaintiff argues that the law required defendant to establish jurisdiction in the notice of removal and the defendant cannot rely on exhibits submitted in response to plaintiff's motion to remand, because the exhibits were filed outside of the removal time limit. (Doc. 16, Pl. Reply Br. at unnumbered page 13).   Plaintiff has cited no legal authority for this position and our research has uncovered none.  We find that the Notice of Removal had sufficient allegations to establish jurisdiction.  It states that "This Court's original jurisdiction is based upon diversity of citizenship . . . . Plaintiff is a citizen of New Jersey, and State Auto is a citizen of both Iowa and Ohio. . . . Thus, the requisite diversity of citizenship exists between the parties pursuant to 28 U.S.C. § 1332." (Doc. 1, Not. of Removal at ¶ 28, 30-31).  After plaintiff challenged diversity jurisdiction, defendant filed exhibits to support its contentions.  Even after the submission of defendant's evidence, plaintiff presented no rebuttal evidence that his citizenship is anywhere other than New Jersey, and he fails to even allege that he is not a citizen of New Jersey.

7

the matter should be remanded. After a careful review, we disagree.

The law provides that a state civil action may be removed by a defendant within thirty (30) days after defendant receives the "initial pleading." 28 U.S.C. § 1446(b). Plaintiff seeks to treat the summons as the "initial pleading." Plaintiff, however, errs when he calculates the notice of removal time limit based on the date of the filing of the writ of summons in state court. The filing of a writ of summons in Pennsylvania state court is not an "initial pleading" that triggers the removal deadline. Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 223 (3d Cir. 2005). The initial pleading is the complaint. See, e.g., Polanco v. Coneqtec Universal, 474 F. Supp. 2d 735, 737 (E.D. Pa 2007) (explaining that the "initial pleading . . . is the compliant, not the summons, praecipe for writ of summons, or some other document like a Civil Cover Sheet.").

Plaintiff provided a copy of the complaint to defense counsel on January 24, 2013. (Doc. 1, Notice of Removal ¶ 21). Defendant then had thirty (30) days in which to file the notice of removal. 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading[.]"). Defendant filed the notice of removal within thirty days on February 22, 2013. (Doc. 1). Thus, the notice of

removal was timely filed and the motion to remand will be denied.[3]

Based on the above reasoning, we find no merit to the plaintiff's motion to remand, and it will be denied.

## II. Motion to dismiss count VI

The second motion for the court to rule upon is the defendant's motion to dismiss count VI of plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

**Legal standard**

To survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

---

[3] Plaintiff claims that a one-year statute of limitations applies and runs from the date of the filing of the summons in state court. The summons was filed in 2008, the notice of removal was not filed until 2013, therefore, it is untimely. We disagree.

Plaintiff is correct that a one-year limitation exists, but it is inapplicable to the facts of the instant case. The law provides that "a case may not be removed" on the basis of diversity jurisdiction "more than 1 year after commencement of the action." 28 U.S.C. § 1446(b). However, according to the plain language of the statute, this limitation only applies where "the case stated by the initial pleading is not removable[.]" Id. As noted above, the "initial pleading" was plaintiff's complaint. Here, the case stated by the initial pleading/complaint was removable and defendant accordingly filed the notice of removal. See, e.g. Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 615 (3d Cir. 2003) (indicating that "the one-year time limit was intended to remedy the anomalous situation where a change in the parties late in the litigation allows a party to remove for the first time."). Thus, the one-year limitation is inapplicable to this case and this portion of the plaintiff's motion for remand will be denied.

Twombly, 550 U.S. at 570). Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

When deciding a Rule 12(b)(6) motion, all well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (internal quotation marks and citation omitted). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006).

**Discussion**

As noted above, plaintiff's complaint asserts six counts involving allegations of insurance bad faith. Count VI alleges that "as a result of the defendant's status as a party to a contract of insurance with the plaintiff, the defendant owed a fiduciary duty toward the plaintiff." (Compl. ¶ 47). Defendant breached its fiduciary duty by its "refusal to pay to the Plaintiff

10

the proper, lawful and appropriate underinsured motorist benefits." (Id. ¶ 48). Defendant moves to dismiss this count because under Pennsylvania law, defendant was not plaintiff's fiduciary. Because defendant was not plaintiff's fiduciary it owed plaintiff no fiduciary duty. Thus, plaintiff's count alleging breach of fiduciary duty fails to state a claim upon which relief can be granted and should be dismissed. After a careful review, we agree that the count should be dismissed, but not for the reason suggested by the defendant.

Plaintiff contends that because defendant entered into an insurance contract with plaintiff, defendant owed a fiduciary duty toward the plaintiff. (Id. ¶ 47) ("[A]s a result of the defendant's status as a party to a contract of insurance with the plaintiff, the defendant owed a fiduciary duty toward the plaintiff."). Plaintiff further avers that defendant breached this fiduciary duty by failing to appropriately pay the UIM benefits. Defendant argues that the law with respect to insurance contracts and fiduciary duties is more nuanced, than the plaintiff asserts. Defendant further alleges that a fiduciary duty only arises when a third party makes a claim against the insured. A UIM claim is not a first-party claim, therefore no fiduciary duty arises.

The arguments raised by the parties need not be addressed. Plaintiff brings a statutory bad faith cause of action. Any separate claim for breach of fiduciary duty is subsumed by the bad faith claim and any claim that

plaintiff acted in bad faith by breaching its fiduciary duty is unnecessary and redundant. Count VI adds no more facts to the complaint that are not already alleged in Counts I through V. For example Count VI alleges generally that defendant refused to pay plaintiff "the proper, lawful and appropriate underinsured motorist benefits[.]" (Id. ¶ 47). Counts I through V, set forth in detail the actions that defendant took or the actions it did not take which made is refusal to pay inappropriate. See Greater NY Mut. Ins. Co. v. N. River Ins. Co., 872 F. Supp. 1403, (E.D. Pa. 1995), aff'd, 85 F.3d 1088 (3d Cir. 1996) ("The 'bad faith' statute provides the sole remedy for punitive damges for insureds . . . who allege bad faith or breach of fiduciary duty by an insurer."); Wood v. Allstate Ins. Co., No. 96-4574, 1996 WL 637832 *2 (E.D. Pa. Nov. 4, 1996) (explaining that a bad faith cause of action subsumes a claim for breach of fiduciary duty). Count VI is merely redundant and will be dismissed.

**Conclusion**

We will deny plaintiff's motion to remand. Defendant has sufficiently established diversity of citizenship and filed the notice of removal in a timely manner. The defendant's motion to strike Count VI will be granted as Count VI is redundant of the other counts in the complaint.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MATTHEW HEFFRAN, : No. 3:13cv513
    **Plaintiff** :
: (Judge Munley)
v. :
:
STATE AUTO PROPERTY & :
CASUALTY INSURANCE COMPANY, :
    **Defendant** :
:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 7th day of August 2013, the plaintiff's motion to remand (Doc. 11) is hereby **DENIED**. The defendant's motion to dismiss (Doc. 6) is **GRANTED** to the extent that Count VI is dismissed from this action.

                                            **BY THE COURT:**

                                            **s/ James M. Munley**

                                            **JUDGE JAMES M. MUNLEY
                                            United States District Court**